342 So.2d 91 (1977)
Sherwin DORFMAN a/K/a Bud Dorfman, As Executor of the Estate of Meyer Dorfman, Appellant,
v.
AETNA LIFE INSURANCE COMPANY, Appellee.
No. 75-1857.
District Court of Appeal of Florida, Third District.
February 1, 1977.
*92 Stanley D. Caidin, Miami, for appellant.
Magill, Sevier & Reid and Victor H. Womack, Miami, for appellee.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Appellant executor seeks reversal of an adverse summary judgment on the estate's counterclaim to recover in excess of $10,000 in medical expenses under an insurance policy issued by appellee, Aetna Life Insurance Company.
In July 1969 Meyer Dorfman applied for and was issued by Aetna Life Insurance Company a major medical policy covering himself and his wife, Doris. Subsequently, a claim was filed on behalf of Doris. During the investigation of the claim, Aetna alleged it had discovered that Meyer had given incorrect answers in his application with respect to Doris' medical history. Thereupon, on June 30, 1971 Aetna filed a complaint for rescission of the policy on the ground that had Meyer answered the questions in the application correctly, it would not have issued the subject policy. Meyer and Doris answered and counterclaimed to recover medical expenses under the policy. While this suit was pending Meyer and Doris passed away and since under the policy payments would be made to Meyer, Sherwin Dorfman, as executor of the estate of Meyer Dorfman, deceased, was substituted as party-defendant for the deceased couple. Through Sherwin's answers to interrogatories, Aetna discovered that on February 2, 1975 all of the medical bills had been paid. Sherwin was permitted to amend his answer and counterclaim, and Aetna in response raised as a defense the statute of limitations of Section 734.29, Florida Statutes (1973). Thereafter, Aetna filed a motion for summary judgment on the ground that under the following provision, Aetna agreed to pay any medical bills that Meyer was required to pay and that since the bills had been paid by other individuals or insurance companies, Meyer was no longer required to pay them:
"TO THE INSURED: This is your Major Medical Expense Policy. Under this Policy the Company will pay you a part of certain eligible Major Medical hospital, *93 nursing home, and medical expenses which you or one of your dependents insured under this Policy (a `covered person') is required to pay."
As an alternative ground, Aetna argued that since Meyer has been dead over three years and no claims have been filed against the estate with respect to these bills, the estate is not required to pay them under Section 734.29, Florida Statutes (1973).[1] Following argument of counsel, the trial judge granted summary judgment for Aetna on the counterclaim and also ruled that in view of the foregoing, Aetna's action was moot since the insureds are deceased. We reverse.
It is well established that where the terms of an insurance policy are susceptible of two interpretations, that interpretation which sustains the claim for indemnity or which allows the great indemnity will be adopted. See 18 Fla.Jur. Insurance § 407 at 379 (1971) and cases cited therein. We are in agreement with the appellant that the words "required to pay" in the provision of the policy set out above should be construed to mean "obligated to pay". Therefore, under the subject policy, Aetna is required to reimburse Meyer Dorfman for the medical expenses which he paid or was obligated to pay. When Meyer's wife, Doris, incurred medical expenses for which Meyer became liable, Aetna in turn then became obligated to pay Meyer. In light of the above, we find Aetna's argument with respect to Section 734.29, Florida Statutes (1973) has no merit. Further, this non-claim statute is inapplicable as it is a defense only available to an estate.
Accordingly, the summary judgment is reversed and the cause remanded to the circuit court for a trial on both Aetna's claim for rescission and Sherwin Dorfman's counterclaim.
Reversed and remanded.
NOTES
[1] "734.29 Limitations against unadministered estates. 

"(1) After three years from the death of any person his estate shall not be liable for any obligation or upon any cause of action if no letters testamentary or of administration with respect thereto have been taken out in Florida within said three years, or if such letters have been taken out but neither proof of publication of notice to creditors, nor the claim of any creditor has been filed in the circuit court within said period; provided, ..."