BOOTH, Judge.
This cause is before us on appeal from the final judgment of the Circuit Court, Volusia County, in a suit by an insured under a medical insurance policy to recover hospital costs incurred by the insured’s • minor son. We affirm the holding of the trial court that the expenses are covered under the policy issued by appellee and that the insured is not entitled to recover for that portion of the expenses paid by Gulf Life Insurance Company, pursuant to a group policy carried by appellant’s former wife. The basis for our affirmance of the latter holding of the trial court is Florida Statute § 627.4235(2), which allows coordination of benefits between group medical policies so long as the policy provisions do not “operate to reduce the total benefits payable under these policies and plans below an amount equal to 100 percent of the total allowable expenses actually incurred.”
However, the order of the trial court also disallows recovery from appellee Blue Cross of $271.60 of an admittedly yalid hospital bill incurred by the son of the insured, on the basis that the former wife of appellant, and mother of the hospitalized boy, personally paid that sum, so that the insured no longer owes the $271.60. That portion of the judgment below is reversed.
In Dorfman v. Aetna Life Insurance Policy, 342 So.2d 91 (Fla.3d DCA 1977), the major medical policy provided that the company would pay medical expenses which the insured “is required to pay.” The insured’s wife incurred medical expenses for which the insured became liable. The company brought suit to rescind the policy and the insured counterclaimed for the medical expenses. During the pendency of the suit, both the insured and his wife died and the insurer discovered that all the medical expenses had been paid. On that basis the company filed for summary judgment on the claim stating that it was not liable because “the bills had been paid by other *538 individuals or insurance companies, Meyer was no longer required to pay them.” In rejecting that contention the court held (342 So.2d 91, 93):
“We are in agreement with the appellant that the words ‘required to pay’ in the provisions of the policy set out above should be construed to mean ‘obligated to pay.’ Therefore, under the subject policy, Aetna is required to reimburse Meyer Dorfman for the medical expenses which he paid or was obligated to pay. When Meyer’s wife, Doris, incurred medical expenses for which Meyer became liable, Aetna in turn then became obligated to pay Meyer . . . ”
The fact that a relative or friend pays a bill for an insured and does not seek to demand-reimbursement does not relieve the insurer of its obligation to pay. Here the father was responsible under the divorce decree to provide medical care for his son. The fact that the former wife assisted with that responsibility does not relieve the insurer.
. The time required to litigate insurance claims, as in the Dorfman case, means that as a practical matter an insured may be forced to obtain assistance from friends or relatives during the pendency of the litigation to pay the bills. Nonetheless, the insured has paid a premium for medical coverage and is entitled to demand that the company pay expenses which are incurred and substantiated as required in the policy.
Accordingly, the judgment below is AFFIRMED IN PART and REVERSED IN PART and the cause remanded for entry of a judgment consistent herewith.
SMITH, Acting C. J., and KLEIN, HERBERT M., Associate Judge, concur.