BERANEK, Judge.
This is an appeal from a summary judgment determining limits of insurance coverage in a declaratory decree action between insurance carriers. Appellant, Hartford Accident and Indemnity Company, issued a comprehensive general liability policy to an insured. With the Hartford policy serving as the basic and primary coverage, United States Fire Insurance Company issued the same insured an excess liability policy covering liability above the limits of the Hartford policy. This controversy centered on the limits of the Hartford policy. The question is whether certain losses are within the Hartford basic coverage or the United States Fire Insurance Company excess coverage.
In the given policy period the insured was found liable in two separate suits for losses resulting from two separate fires. The first fire resulted in the loss of $30,101 which was paid by Hartford under the basic policy. The second fire during the same *1089 policy period resulted in the insured being found liable for $135,000.
Hartford contends that its aggregate or maximum coverage under its policy was $50,000 and that since it had already paid $30,101 for the first occurrence, it is liable for only $19,899 on the second fire. Hartford contends that all amounts above its aggregate liability of $50,000 are within the excess coverage provided by United States Fire. The excess carrier asserts the Hartford policy actually provided for $50,000 in coverage for each occurrence and not a maximum of $50,000.
The various carriers litigated these matters and the trial court entered a summary judgment sustaining the position asserted by the excess carrier, United States Fire. In doing so the trial court construed the following provisions from the Hartford policy-
SCHEDULE
The insurance afforded is only with respect to such of the following coverages as are indicated by specific premium charge or charges. The limit of the company’s liability against each such coverage shall be as stated herein, subject to all the terms of this policy having reference thereto.

Coverage B — The total liability of the company for all damages because of all property damage sustained by one or more persons or organizations as the result of any one occurrence shall not exceed the limit of property damage liability stated in the schedule as applicable to “each occurrence.”
Subject to the above provision respecting “each occurrence”, the total liability of the company for all damages because of all property damage to which this coverage applies and described in any of the numbered subparagraphs below shall not exceed the limit of property damage liability stated in the schedule as “aggregate”:
The trial court ruled that an ambiguity existed in the policy. Because of this ambiguity the court found that the Hartford policy provided $50,000 coverage for each occurrence, rather than $50,000 maximum liability. The court reasoned that since the occurrence limit was $50,000 and the aggregate limit was $50,000, that this was confusing. We disagree and reverse.
Appellant Hartford contends its policy was not ambiguous, and that its maximum liability is $50,000 as the aggregate limit. It is Hartford’s position that since the occurrence limit and the aggregate limit are the same, there can be no liability above the aggregate limit. Appellee, United States Fire, contends an ambiguity does exist and that the policy should thus be construed against the insurer and in favor of the insured. Stuyvesant Insurance Co. v. Butler, 314 So.2d 567 (Fla.1975). Appellee relies upon the well established principle that where an insurance policy is susceptible two interpretations, that interpretation which sustains the claim for indemnity or which allows the greater indemnity will be adopted. Dorfman v. Aetna Life Insurance Co., 342 So.2d 91 (Fla. 3d DCA 1977). Because of our decision regarding ambiguity herein, we find it unnecessary to rule upon the application of this line of authority.[1]
*1090 Neither party has cited any authority whatsoever which is helpful in construing the policy provisions in question. The trial judge stated that authority was probably non-existent because policies are almost never written with an occurrence and an aggregate limit in the same amount. Although this may be the case, we see no reason why the insured here could not purchase such a policy from Hartford. Having purchased such a policy, we do not see that an ambiguity has been created. It is clear that the Hartford’s maximum liability was not to exceed the amount stated in the schedule as “aggregate.” The schedule clearly shows this to be $50,000. We find no ambiguity. Summary judgment below is, therefore, reversed and the matter remanded to the trial court for further proceedings consistent herewith.
REVERSED AND REMANDED.
LETTS, J., and DAUKSCH, JAMES C., Jr., Associate Judge, concur.

. This case does not present a situation where the insured claims an ambiguity in the policy. This is a situation solely between two insurance carriers. Hartford issued the basic policy presumably in accordance with the wishes of its insured. The insured apparently chose the same limits per occurrence and for the aggregate limit. We must assume that United States Fire, when issuing its excess policy viewed the Hartford policy. It is United States Fire who *1090 contends the Hartford policy is ambiguous. Therefore, the cases which construe ambiguous policy provisions in favor of liability do not appear technically applicable here. United states Fire’s construction of the Hartford policy has the effect of diminishing excess coverage and enlarging primary coverage.