## 1005

Raymond E. DABBS and Dorothy B. Dabbs, d/b/a Custom Air Controls, Appellants v. CINCINNATI INSURANCE COMPANY, Respondent.

(359 S. E. (2d) 521)

Court of Appeals

*Richard E. Miley*, North Augusta, *for appellants.*

*Rebecca Laffitte*, Columbia, *for respondent.*

Heard June 22, 1987.

Decided Aug. 3, 1987.

SANDERS, Chief Judge:

Appellants Raymond E. Dabbs and Dorothy B. Dabbs, d/b/a Custom Air Controls, sued respondent Cincinnati Insurance Company for the breach of a contract to provide liability insurance. The Circuit Court granted summary judgment for Cincinnati. Mr. and Mrs. Dabbs appeal. We affirm.

The material facts are undisputed.

Mr. and Mrs. Dabbs are in the heating and air conditioning business. Effective on August 11, 1975, Cincinnati issued them an insurance policy which provided "Comprehensive General Liability Coverage between August 11, 1975 and August 11, 1980." At that time, Mr. and Mrs. Dabbs also contracted with Cincinnati for insurance coverage "referred to as Products and Completed Operations Coverage." They paid Cincinnati additional premiums for this coverage.

In late August or early September of 1976, Mr. and Mrs. Dabbs installed a heating and air conditioning system in a house being built in the city of Aiken. Except for one or two service calls, they completed all work on the system before the end of 1976.

In or around April of 1977, Mr. and Mrs. Dabbs instructed their insurance agent to delete from the policy the "Products and Completed Operations coverage [as well as certain other coverage]." Cincinnati made the deletions by an endorsement to the policy which became effective on April 25, 1977.

In 1980, the owner of the house in which Mr. and Mrs. Dabbs had installed the heating and air conditioning system suffered bodily injury and property damage as a result of chlordane dust being drawn into the house by the system.

On August 13, 1980, an attorney representing the owner wrote Mr. and Mrs. Dabbs giving notice of his "potential claim against them because of the aforesaid incident." They turned the letter from the attorney over to their insurance agent who forwarded it to Cincinnati.

Approximately six months later, the insurance adjusters employed by Cincinnati to investigate the claim notified Mr.

and Mrs. Dabbs that Cincinnati was denying coverage.

On August 12, 1981, the owner of the house sued Mr. Dabbs and Custom Air Controls and obtained a default judgment. Mr. Dabbs satisfied the judgment and he and Mrs. Dabbs brought this action against Cincinnati alleging: "That Defendant's denial of coverage constituted a breach of said insurance policy, was made without substantial or reasonable cause, had no good faith basis, and was made in bad faith." Cincinnati answered "denying coverage and liability surrounding the incident."

Cincinnati then moved for summary judgment "on the grounds that no genuine issue of material fact exists and that the defendant, Cincinnati Insurance Company, is entitled to judgment as a matter of law." The Circuit Court granted the motion, ruling that the policy which was in effect "at the time of the occurrence in 1980 clearly excludes coverage for the loss at issue." We affirm for a slightly different reason (or perhaps for the same reason somewhat differently stated). *See* Rule 4, § 8, Rules of Practice in the Supreme Court of South Carolina ("[T]his Court reserves the right to sustain any ruling, order or judgment upon any grounds appearing in the record."); *Doe v. Doe*, 286 S. C. 507, 334 S. E. (2d) 829 (Ct. App. 1985) (we have the right to affirm an order of the Circuit Court on any ground appearing in the record).

In reaching this result, we are guided by two fundamental principles:

Summary judgment is proper where there are no genuine issues of material fact. *South Carolina National Bank v. Joyner*, 289 S. C. 382, 346 S. E. (2d) 329 (Ct. App. 1986). "Where a motion for summary judgment presents a question as to the construction of a written contract, the question is one of law if the language employed by the agreement is plain and unambiguous." *First-Citizens Bank & Trust Co. v. Conway National Bank*, 282 S. C. 303, 305, 317 S. E. (2d) 776, 777 (Ct. App. 1984).

The contract in the instant case is plain and unambiguous.

The insurance policy issued by Cincinnati provides liability coverage for "an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended

from the standpoint of the insured." The incident on which the claim against Mr. and Mrs. Dabbs was based is obviously such an "accident."

However, the endorsement to the policy deleted "Completed Operations Coverage." The policy further provides:

> "[C]ompleted operations hazard" includes bodily injury and property damage arising out of operations ... after such operations have been completed. ... Operations shall be deemed completed ... when all operations to be performed by or on behalf of the named insured at the site of the operations have been completed. ...

Thus, the endorsement deleted coverage for "bodily injury and property damage arising out of operations ... after such operations have been completed."

The endorsement became effective on April 25, 1977.

The parties stipulate: "Aside from one or two service calls during 1976-1977, which required no work underneath the house, Plaintiffs completed all work on the heating and air conditioning system at issue in 1976." (The policy also provides that "[o]perations which may require further service ... but which are otherwise complete, shall be deemed completed.")

The incident on which the claim against Mr. and Mrs. Dabbs was based occurred in 1980.

Therefore, since all work on the heating and air conditioning system had been completed prior to the incident and since the endorsement deleting coverage for completed operations became effective prior to the incident, the policy does not provide coverage for the incident as a matter of law.

Accordingly, the order of the Circuit Court is

Affirmed.

BELL and GOOLSBY, JJ., concur.