2065

Garfield SMITH, as Administrator of the Estate of Dennis Smith, deceased, Respondent v. LIBERTY MUTUAL INSURANCE COMPANY, Appellant.

(437 S.E. (2d) 142)

Court of Appeals

*Joseph H. McGee* and *David S. Yandle*, Charleston, *for appellant.*

*Darrell Thomas Jefferson*, Hardeeville, *for respondent.*

Heard May 19, 1993.

Decided Aug. 9, 1993.

*Per Curiam*:

Garfield Smith (Smith) as administrator of the estate of Dennis Smith (the deceased) sued Liberty Mutual Insurance Company (Liberty) to recover medical and funeral expenses. The decedent was struck by a car while riding his bicycle on August 22, 1990, in Jasper County, South Carolina. He died as a result of the accident. The car was registered to a Georgia resident, Carolyn Middlebrooks. Middlebrooks was the named insured and was not related to the deceased. The court awarded Smith $4,000 under the personal injury protection (PIP) provision of Middlebrooks' policy and $1,333 in attorney fees, finding Liberty's denial of payment to be unreasonable and in bad faith. Liberty appeals. We reverse.

The pertinent language of the policy reads:

The Company will pay for personal injury protection benefits for:

(a) medical expenses,

\*    \*    \*    \*    \*    \*

(d) funeral expenses,

\*    \*    \*    \*    \*    \*

incurred with respect to bodily injury sustained by an eligible injured person and caused by an accident arising out of the operation, maintenance or use of a motor vehicle as a vehicle.

Exclusions

This coverage does not apply

\*    \*    \*    \*    \*    \*

(f) to bodily injury sustained by any pedestrian, other than the named insured or any relative, as a result of being struck by a motor vehicle outside the State of Georgia;

\*    \*    \*    \*    \*    \*

Definitions
When used in reference to this coverage

\*    \*    \*    \*    \*    \*

"eligible injured person" means
> (a) the named insured or any relative who sustains bodily injury while occupying, or while a pedestrian as a result of being struck by, any motor vehicle;
> (b) any other person who sustains bodily injury while occupying, or while a pedestrian as a result of being struck by the insured motor vehicle;

We are bound by the general rules of contract construction when interpreting insurance policies. *Standard Fire Ins. Co. v. Marine Contracting & Towing*, 301 S.C. 418, 421, 392 S.E. (2d) 460, 461 (1990). It is well settled that in the absence of ambiguity, the terms of a policy are to be taken in their plain, ordinary and popular sense. *Barkley v. International Mut. Ins. Co.*, 227 S.C. 38, 43, 86, S.E. (2d) 602, 604 (1955). Furthermore, courts will not extend coverage, not agreed to by the parties, by judicial construction. *See South Carolina Ins. Co. v. White*, 301 S.C. 133, 390 S.E. (2d) 471 (Ct. App. 1990).

The trial court found the policy ambiguous as to whether the decedent was an eligible insured person. We find no such ambiguity. In our opinion, the definition of "eligible insured person" clearly includes protection for the insured, and his or her relatives, when injured by any vehicle, and protection for other persons only when injured by the insured vehicle. The policy specifically excludes the latter when the injury occurs outside the state of Georgia. We find the meaning of this language very clear and find no need for interpretation.

Additionally, Smith argues that the trial court correctly concluded, as a matter of law, that the denial of benefits based on kinship and citizenship was unconscionable and against the public policy. We disagree.

The policy language does not condition the allocation or denial of benefits on the claimant's citizenship. To the contrary, it excludes "any pedestrian" who is struck by the insured vehicle while outside the State of Georgia. The language does not differentiate between citizens of states

other than Georgia, it merely limits coverage to those struck while in Georgia. The policy does, however, treat an accident occurring outside the state and involving a relative of the insured differently than other pedestrians under the same circumstances. After careful consideration, however, we hold that the award of PIP benefits based on this differentiation is not against the public policy of Georgia or South Carolina.

At the time of the accident, Georgia law provided that PIP benefits could be awarded for "[a]ccidental bodily injury sustained by any other person [not the named insured or a relative] as a result of being struck by the owner's motor vehicle while a pedestrian in this state." O.C.G.A. § 33-34-7(a)(3) (1990) (repealed 1991). The majority of Chapter 34 was repealed and revised effective October 1, 1991.[1] Since the former law specifically limits the recovery of PIP benefits to pedestrians, other than the insured or a relative of the insured, injured in the State of Georgia, Liberty's exclusion obviously did not violate Georgia public policy. Moreover, South Carolina does not require any PIP coverage under its automobile insurance laws and has no public policy regarding such coverage. S.C. Code Ann. § 38-77-145 (Supp. 1992). Accordingly, we find no public policy which precludes Liberty Mutual from contracting to exclude PIP coverage for pedestrians, not related to the insured, injured in accidents which occur outside the State of Georgia.

Furthermore, in *Barkley,* the South Carolina Supreme Court stated: "We cannot read into an insurance contract, under the guise of public policy, provisions which are not required by law and which the parties thereto clearly and plainly have failed to include." *Id.* at 45, 86 S.E. (2d) at 605. As we previously concluded, we find the language of the contract clear and plain and, therefore, do not find it appropriate under *Barkley* to construe the policy contrary to its meaning in the name of public policy.

---

[1] The current Georgia statute continues to require no-fault coverage, but does not specify when such benefits are to be provided to injured pedestrians. O.C.G.A. § 33-34-4 (Supp. 1992). The repeal is not retroactive with respect to coverage. *Green v. State Farm Ins. Co.,* 206 Ga. App. 478, 426 S.E (2d) 3 (1992).

Finally, we note that Smith attempts to rely on S.C. Code section 38-55-50 (1976) to support his position. Section 38-55-50 reads, "An insurer . . . may not make or permit any discrimination in favor of individuals between insureds of the same class and risk involving the same hazards in the amount of the payment of . . . benefits payable, or in any other of the terms and conditions of the contracts it makes." This section relates to discrimination in contracting for insurance and not against claimants. We hold, therefore, that section 38-55-50 is inapplicable to this case.

For the foregoing reasons, we reverse.

Reversed.