24223

DIAMOND STATE INSURANCE COMPANY, Appellant v. HOMESTEAD INDUSTRIES, INC., Peggy A. Via, as Administratrix of the Estate of Timothy L. Via, Respondent.

(456 S.E. (2d) 912)

Supreme Court

*C. Mitchell Brown* and *M. Clifton Scott*, both of *Nelson, Mullins, Riley & Scarborough*, Columbia, *for Appellant.*

*Paul R. Hibbard* of *Johnson, Smith, Hibbard & Wildman* and *Charles J. Hodge* of *Hodge Law Offices*, Spartanburg, *for respondents.*

*Creighton B. Coleman* of *Whaley, McCutchen, Blanton & Rhodes*, Columbia, *for amicus curiae Gulf Ins. Group.*

*Walter Bilbro, Jr.* of *Walter Bilbro, Jr. & Associates*, Charleston, *for amicus curiae Nat. Ass'n of Professional Surplus Lines Offices, Ltd.*

*William Howell Morrison* and *Frederick Theodore LeClercq* both of *Holmes & Thomson,* Charleston, *for amicus curiae Employers Reinsurance Corp.*

Heard Jan. 17, 1995.

Decided Apr. 3, 1995; Reh. Den. May 3, 1995.

TOAL, Justice:

Diamond State appeals the circuit Judge's finding that its commercial liability policy with Homestead provides $500,000 aggregate coverage for bodily injury resulting from products hazards and a separate $500,000 aggregate coverage for bodily injury resulting from completed operations hazard. We reverse.

## FACTS

Timothy Via was electrocuted at the Long Mile Rubber Company in Spartanburg, South Carolina while using a steam jenny, a high pressure cleaning machine Homestead manufactured. His widow filed a wrongful death and survival action against Homestead. This suit was settled by consent order. Under the terms of the consent order:

> The court entered judgment against Homestead for $400,000.
> Mrs. Via immediately received $100,000 under Homestead's commercial liability insurance policy with Diamond State.
> Mrs. Via received $50,000 from Homestead and agreed not to execute judgment directly against Homestead for more than that amount.
> Homestead assigned to Mrs. Via any rights that it possessed under its insurance policy and agreed to cooperate with Mrs. Via in pursuing any claim against Diamond State.

After paying Mrs. Via $100,000 under the order, Diamond State filed this declaratory judgment action to establish the extent of its liability under its policy with Homestead. Diamond state argued that during the policy year it paid the aggregate amount of $500,000 for bodily injuries under the policy and, therefore, was not liable to Homestead. Specifically,

Diamond State argued that it paid $400,000 under the policy for a death that occurred in Texas as a result of using a steam jenny manufactured by Homestead and it paid Mrs. Via the remaining $100,000 of the aggregate amount under the policy for bodily injuries.[1]

Both parties filed motions for summary judgment. The circuit court judge granted Homestead's motion holding the $500,000 aggregate limit applied separately to the two deaths because each occurrence met the definition of "completed operations" and "products hazard" under the policy and such aggregate limits were to be applied separately to these coverages; or in the alternative paragraph (b) of the policy was ambiguous and should be construed in favor of the insured. The circuit court judge held Diamond State liable for the $300,000 it had not paid in Mrs. Via's settlement. Diamond State appeals.

### LAW/ANALYSIS

Diamond State argues the circuit court judge erred in construing the insurance contract to include coverage for bodily injury beyond the $500,000 aggregate amount. We agree.

The policy states the limits of liability for bodily injury liability and property damage liability are $500,000 each occurrence and $500,000 aggregate. Additionally, the policy states in pertinent part:

> LIMITS OF LIABILITY
> Regardless of the number of (1) insureds under this policy (2) persons or organizations who sustain bodily injury or property damage, or (3) claims made or suits brought on account of bodily injury or property damage, the company's liability is limited as follows:

---

[1] Diamond State filed this declaratory judgment action in the South Carolina Court of Common Please. The action was removed to the United States District Court for the District of South Carolina. The federal district court judge granted Homestead's motion for summary judgment. finding that the policy provided coverage for the total amount of Mrs. Via's settlement or in the alternative paragraph (a) of the policy was ambiguous. Based on this holding, the federal district court judge held that Diamond State was liable for the $300,000 it had not paid in Via's settlement.

Diamond State appealed. The Fourth Circuit Court of Appeals held both Diamond State and Homestead were Pennsylvania corporations and, therefore, there was no diversity jurisdiction. The case was remanded to the district court with the instructions to further remand the case to State Court.

Bodily injury Liability and Property Damage Liability:

(a) The limit of liability stated in the Schedule of this endorsement as applicable to "each occurrence" is the total limit of the company's liability for all damages including damages for care and loss of services because of bodily injury and property damage sustained by one or more persons or organizations as a result of any one occurrence, provided that with respect to any occurrence for which notice of this policy is given in lieu of security or when this policy is certified as proof of financial responsibility under the provisions of the Motor Vehicle Financial Responsibility Law of any state or province such limit of liability shall be applied to provide the separate limits required by extent of the coverage required by such law for Bodily Injury Liability and Property Damage Liability to the extent of the coverage required by such law, but the separate application of such limit shall not increase the total limit of the company's liability.

(b) Subject to the above provision respecting "each occurrence", the total liability of the company for all damages because of all bodily injury and property damage which occurs during each annual period while this policy is in force commencing from its effective date and which is described in any of the numbered subparagraphs below shall not exceed the limit of liability stated in the Schedule of this endorsement as "aggregate":

(1) all property damage . . .

(2) all property damage . . .

(3) if Products—Completed Operations insurance is afforded, all bodily injury and property damage included within the completed operations hazard and all bodily injury and property damage included within the products hazard;

(4) if Contractual Liability insurance is afforded, all property damage . . .

Such aggregate limit shall apply separately:

(i) to the property damage described in subparagraphs (1) and (2) and separately with respect to each project away from premises owned by or rented to the named insured;

(ii) to the sum of the damages for all bodily injury and property damage described in subparagraph (3); and

(iii) to the property damage described in subparagraph (4) and separately with respect to each project away from premises owned by or rented to the named insured.

Insurance policies are subject to general rules of contract construction. *Sloan Const. Co. v. Central Nat's Ins. Co.*, 269 S.C. 183, 236 S.E. (2d) 818 (1977). This court must give policy language its plain, ordinary and popular meaning. *Fritz-Pontiac-Cadillac-Buick v. Goforth*, 312 S.C. 315, 440 S.E. (2d) 367 (1994). Ambiguous or conflicting terms in an insurance policy must be construed liberally in favor of the insured and strictly against the insurer. *Spinx Oil Co. v. Federated Mut. Ins.*, 310 S.C. 477, 427 S.E. (2d) 649 (1993). However, if the intention of the parties is clear, courts have no authority to torture the meaning of policy language to extend or defeat coverage that was never intended by the parties. *Torrington Co. v. Aetna Casualty and Sur. Co.*, 264 S.C. 636, 216 S.E. (2d) 547 (1975).

Paragraph (a) limits the liability for "each occurrence." This case involves two separate occurrences and, therefore, paragraph (a) is not at issue here.

Paragraph (b) *limits the total liability for all bodily injury* and property damages to the *aggregate amount* of the policy. The policy clearly states the *aggregate amount is $500,000*. Paragraphs (1), (2), (3), and (4) list the types of coverage the policy provides. Thereafter, in paragraphs (i), (ii), and(iii), the policy provides that the aggregate limit shall apply separately to paragraphs (1) and (2), paragraph (3), and paragraph (4). Accordingly, the policy provides a separate $500,000 aggregate amount to be paid for each of these three classes, paragraphs (1) and (2), paragraph (3), and paragraph (4). Therefore, we must determine which of these classes applies in this case.

The injuries in this case involved bodily injury resulting from both completed operations hazard and products hazard. Only paragraph (3) addresses bodily injury. Specifically, paragraph (3) provides coverage for all bodily injury "included within the completed operations hazard and all bodily injury and property damage included within the products hazard."

Completed operations hazard and products hazard are within the same class and, therefore, the aggregate amount does not apply separately for such injuries. To extend such coverage would torture the plain language of the policy. *Torrington Co. v. Aetna Casualty and Sur. Co.*, 264 S.C. 636, 216 S.E. (2d) 547 (1975). Rather, because paragraph (3) covers bodily injury from both completed operations hazard and products hazard, the plain language of the policy clearly limits liability for the injuries involved in this case to the $500,000 aggregate.[2]

Accordingly, the circuit court judge's findings that the policy provides a separate $500,000 aggregate limit for products hazard and a $500,000 aggregate limit for completed operations hazard and that the policy is ambiguous are reversed. Because Diamond State paid $400,000 for the Texas claim and $100,000 for Mrs. Via's claim, Diamond State has paid the $500,000 aggregate amount for bodily injuries under the policy and is not liable for the remaining $300,000 of Mrs. Via's claim. Based on our holding we need not address Diamond State's remaining arguments.

Reversed.

FINNEY, C.J., MOORE AND WALLER, JJ., and A. LEE CHANDLER, Acting Associate Justice, concur.

Supreme Court

---

[2] When a policy limits the liability to an aggregate amount, several courts have held that no ambiguity exists, the aggregate amount is the total amount of coverage provided by the policy. *See Insurance Corp. of America v. Dillon, Hardamon & Cohen*, 725 F. Supp. 1461 (N.D. Ind. 1988); *Iowa Ins. Guar. Assoc. v. Canadian Universal Ins. Co.*, 628 F. Supp. 794 (S.D. Iowa 1986); *Travelers Indem. Co. v. Olive's Sporting Goods, Inc.*, 297 Ark. 516, 764 S.W. (2d) 596 (1989); *Hartford Accident and Indem. Co. v. United States Fire Ins. Co.*, 374 So. (2d) 1088 (Fla. App. 1979).