THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Fatima Shaikh, Appellant,
 v.
 State Farm Mutual Automobile Insurance Company, Respondent.
 
 
 

Appeal From Greenville County
Larry R. Patterson, Circuit Court Judge

Unpublished Opinion No. 2006-UP-086
Submitted December 1, 2005  Filed February 10, 2006    

AFFIRMED

 
 
 
 Eric Holcombe Philpot, of Greenville, for Appellant.
 William W. Kehl, of Greenville, for Respondent.
 
 
 

PER CURIAM:  This is an appeal from an order of the trial court granting summary judgment to State Farm Mutual Automobile Insurance Company (State Farm), and denying summary judgment to Fatima Shaikh.  The trial court found Shaikh was not entitled to $25,000 in personal injury protection (PIP) from her mothers State Farm automobile insurance policy because her injury was precluded by an unambiguously other owned vehicle exclusion in that policy.  We affirm.[1]  
FACTS
On September 18, 2003, Shaikh was severely injured in an automobile accident while driving her 2000 Honda CR-V.[2]  The adverse drivers insurer paid Shaikh the policy limits of $50,000.  Because Shaikhs medical expenses and lost wages exceeded $86,000, she sought $25,000 in PIP from her mothers State Farm automobile insurance policy (the Policy).  Shaikh resided with her mother, but the Policy did not cover her Honda.  Rather, the Policy covered her mothers 1995 Ford Taurus, which was not involved in the accident.  
Shaikh made a claim for PIP coverage under the Policy, which State Farm denied.  State Farm argued her claim was precluded by a provision of the Policy that excluded PIP coverage for a resident relative injured while driving a vehicle owned by the resident relative but not covered under the Policy.  Shaikh disagreed, and brought a declaratory judgment action against State Farm.  Shaikh alleged she was entitled to the PIP coverage under the Policy, and her claim was not precluded by any provisions of the Policy.  State Farm answered, and both parties moved for summary judgment.  The trial court granted summary judgment to State Farm and denied summary judgment to Shaikh.  This appeal followed.     
STANDARD OF REVIEW
When reviewing the grant of a summary judgment motion, the appellate court applies the same standard that governs the trial court under Rule 56(c), SCRCP.  Pittman v. Grand Strand Entmt, 363 S.C. 531, 536, 611 S.E.2d 922, 925 (2005).  Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Id.  On appeal, all ambiguities, conclusions, and inferences arising in and from the evidence must be viewed in the light most favorable to the non-moving party.  Id.  When a motion for summary judgment presents a question as to the meaning of a written contract, the question is one of law if the language employed by the contract is plain and unambiguous.  MCG Mgmt. of Charleston, Inc. v. Kinghorn Ins. Agency, 336 S.C. 542, 546, 520 S.E.2d 820, 822 (Ct. App. 1999).  
LAW/ANALYSIS 
Shaikh argues the trial court erred in granting summary judgment to State Farm, because the exclusion in the Policy does not unambiguously preclude her from recovering PIP coverage under the Policy.  We disagree.  
Insurance policies must conform to general rules of contract construction.  Coakley v. Horace Mann Ins. Co., 363 S.C. 147, 152, 609 S.E.2d 537, 540 (Ct. App. 2005).  Accordingly, an insurance policy should be given its plain, ordinary, and popular meaning.  Id.  The meaning should not be tortured to allow for coverage that was not intended by the parties.  Id.  Thus, an unambiguous policy must be construed according to the terms used by the parties.  Century Indem. Co. v. Golden Hills Builders, Inc., 348 S.C. 559, 565, 561 S.E.2d 355, 358 (2002).  However, an ambiguous policy must be construed liberally in favor of the insured and strictly against the insurer.  Diamond State Ins. Co. v. Homestead Indus., Inc., 318 S.C. 231, 236, 456 S.E.2d 912, 915 (1995).  In construing an insurance policy, all of its provisions must be considered together and read as a whole, giving appropriate weight to all provisions.  Yarborough v. Phoenix Mut. Life Ins. Co., 266 S.C. 584, 592, 225 S.E.2d 344, 349 (1976).  Therefore, courts should consider the entire policy to determine the meaning of its provisions; the construction that reasonably gives effect to the whole instrument and each of its various parts will be adopted.  MCG Mgmt. of Charleston, Inc. v. Kinghorn Ins. Agency, 336 S.C. 542, 548, 520 S.E.2d 820, 823 (Ct. App. 1999).  
          In South Carolina, PIP coverage is not statutorily mandated, and may be excluded by insurance carriers.  S.C. Code Ann. § 38-77-144 (2002); Smith v. Liberty Mut. Ins. Co., 313 S.C. 236, 239, 437 S.E.2d 142, 144 (Ct. App. 1993) (South Carolina does not require any PIP coverage under its automobile insurance laws and has no public policy regarding such coverage.).  The provision at the center of this dispute is one such PIP coverage exclusion.  The provision states:

 
 What Is Not Covered Under [PIP]
 THERE IS NO COVERAGE . . . 
 FOR BODILY INJURY . . .  
 SUSTAINED WHILE OCCUPYING OR THROUGH BEING STRUCK BY A VEHICLE OWNED BY OR LEASED TO YOU, YOUR SPOUSE OR ANY RELATIVE, WHICH IS NOT INSURED FOR THIS COVERAGE UNDER THIS POLICY . . . .
 

The relevant portion of this provision is there is no coverage . . . for bodily injury sustained while occupying . . . a vehicle owned by . . . any relative, which is not insured for [PIP] coverage under [the Policy].  
We find this provision unambiguously excludes PIP coverage for a resident relative who is injured while driving a vehicle owned by a resident relative but not covered by the insurance policy offering the PIP coverage.  We must consider this provision as it applies to Shaikh.  First, because Shaikh resided with her mother, she was a resident relative under the Policy.  Second, because Shaikh was injured while driving her Honda, she sustained bodily injury while occupying a vehicle not covered by the Policy.  The Policy insured her mothers Ford, not Shaikhs Honda, as evidenced by the fact that the Ford was described on the declarations page of the Policy, while the Honda was not.  Consequently, Shaikh falls under the exclusionary provision, and is not entitled to the $25,000 in PIP coverage under the Policy.  
The order of the trial court is
AFFIRMED.
HEARN, C.J., and HUFF and BEATTY, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2]  Shaikhs Honda was insured by Interstate Indemnity Company.  Her policy with Interstate Indemnity Company did not provide PIP coverage.