## 21028

The STATE, Respondent, v. Charles PORCHER, Appellant.

(257 S. E. (2d) 505)

*Morris D. Mazursky,* of *Mazursky & Evans,* Sumter, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Brian P. Gibbes* and *Kay G. Crowe,* Columbia, and *Sol. R. Kirk McLeod,* Sumter, *for respondent.*

August 13, 1979.

*Per Curiam:*

The appellant was found guilty of criminal conspiracy and sentenced to three (3) years imprisonment, suspended upon service of one (1) year and probation for three (3) years. On appeal he contends that the Court of General Sessions was without jurisdiction since he made a timely request for a preliminary hearing which he did not receive prior to the court's actions. We do not agree that the appellant's request was timely and we affirm the lower court's action.

Appellant was arrested on April 19, 1978 and made demand on April 28, 1978 for a preliminary hearing. Pursuant to the constitutional powers of the Chief Justice to set terms of court, an order was issued on December 2, 1977 setting the Terms of Circuit Court for the 1978 calendar year. Under this order a term of the General Sessions Court was set for Sumter County to commence May 1, 1978. This order governed the time for the convening of the Sumter County Court of General Sessions, in which appellant was to be tried.

Under Section 22-5-320 of the 1976 Code of Laws, appellant was entitled to a preliminary hearing if demand was made therefor in writing at least ten days before the convening of the next Court of General Sessions. When timely demand is made for a preliminary hearing, the Court of General Sessions is deprived of jurisdiction until such hearing is held.

In this case, the next Court of General Sessions convened on May 1, 1978, eleven (11) days after appellant's arrest. The demand for a preliminary hearing was not made until April 28, 1978, two days before the convening of the Court. Since demand for the hearing was not made ten days before the convening of the Court, the Court was not deprived of jurisdiction.

Appellant was indicted by the Grand Jury on May 1, 1978 and, admittedly, thereafter a preliminary hearing was granted to appellant on May 16, 1978. Clearly no prejudice has resulted to appellant.

Because of our disposition of the foregoing issues, we need not consider appellant's other contentions.

Affirmed.