21558

Larry BONNETTE, Appellant, v. STATE of South Carolina, Respondent.

(282 S. E. (2d) 597)

*Asst. Appellate Defender David W. Carpenter*, of *S. C. Commission of Appellate Defense*, Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. General William K. Moore*, Columbia, *for respondent.*

September 2, 1981.

*Per Curiam:*

Appellant pleaded guilty to breaking into a motor vehicle and larceny and was sentenced to fifteen (15) years' imprisonment. He now appeals the denial, after a hearing, of his

post-conviction relief application. Appellant alleges the post-conviction judge erred in ruling appellant waived his right to a preliminary hearing, and contends without that hearing the trial court lacked jurisdiction to entertain his plea.

Section 22-5-320, South Carolina Code of Laws (1976), ▮ in effect at the time in question, establishes appellant's right to a preliminary hearing upon proper demand. We have held failure to conduct a properly demanded preliminary hearing deprives a court of general sessions of jurisdiction. *State v. Porcher,* 273 S. C. 507, 257 S. E. (2d) 505 (1979).

It is uncontested that the request by trial counsel in the present case was properly made to the magistrate. The preliminary hearing was scheduled but later postponed. Appellant then proceeded with plea negotiations which resulted in charges against his wife being *nol prossed.* At the time appellant entered his guilty plea, he did not inform the trial court he had previously requested and still desired a preliminary hearing. Trial counsel for appellant testified he believed the guilty plea process had the effect of waiving appellant's right to a preliminary hearing.

Waiver is an intentional relinquishment of a known ▮ right and may be implied from circumstances indicating an intent to waive. *Johnson v. Zerbst,* 304 U. S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938); 92 C. J. S. *Waiver,* p. 1062 (1955). Acts inconsistent with the continued assertion of a right, such as a failure to insist upon the right, may constitute waiver. *Id.* p. 1063. A preliminary hearing can be waived by appellant's failure to request the hearing, failure to comply with statutory requirements for the request or failure to comply with statutory requirements for the request or failure to appear as scheduled, at least through his attorney. *State v. Wheeler,* 259 S. C. 571, 193 S. E. (2d) 515 (1972); *Blandshaw v. State,* 245 S. C. 385, 140 S. E. (2d) 784 (1965); *State v. Rabens,* 79 S. C. 542, 60 S. E. 442 (1908); Section 22-5-320, South Carolina Code of Laws (Cum. Supp. 1980).

We find appellant's plea negotiations and silence before the trial court concerning his desire for a preliminary hearing constitute evidence of waiver. Therefore, the any evidence standard of review for post-conviction cases is met. *Dixon v. State,* 279 S. E. (2d) 605 (S. C. 1981). Appellant's dissatisfaction with his sentence does not negate his conduct before entering the guilty plea.

Accordingly, we affirm the lower court's ruling that appellant waived his right to a preliminary hearing prior to entering his guilty plea.