## 21610

Patrick Frank O'Neil, Respondent, v. STATE of South Carolina, Appellant.

(285 S. E. (2d) 552)

*Atty. Gen., Daniel R. McLeod, Asst. Atty. Gen., William K. Moore,* and *Staff Atty., Larry L. Vanderbilt,* Columbia, *for appellant.*

*Nicholas C. Lempesis,* North Charleston, *for respondent.*

December 3, 1981.

GREGORY, Justice.

Respondent pleaded guilty to armed robbery and was sentenced to twenty-five (25) years imprisonment. After a full hearing, his application for post-conviction relief was granted, and the State appeals. We reverse.

On May 8, 1976, respondent and six co-defendants were arrested and charged with armed robbery, robbery, larceny,

and conspiracy to commit armed robbery, counsel was appointed for all seven. On May 14, 1976, respondent and one co-defendant also retained counsel.

On the day respondent's counsel was retained, he wrote a letter to the magistrate dated May 14, 1976 requesting a preliminary hearing. The record contains no evidence by affidavit or testimony that the letter was mailed, hand delivered, or ever received by the magistrate. A preliminary hearing was not held or scheduled and counsel did not pursue the matter. Respondent was indicted on May 24, 1976.

■ Respondent's application for post-conviction relief was granted on the basis that the request for preliminary hearing was timely made; thus, the grand jury and circuit court lacked jurisdiction. We disagree with the trial judge that the record establishes a timely request for a preliminary hearing. But assuming, *arguendo*, a timely request, respondent waived any right to a hearing.

Respondent proceeded with plea negotiations which resulted in charges against his ex-wife and three co-defendants being nol prossed. Before entering the guilty plea May 25, 1976, he did not inform the trial court he had requested and still desired a preliminary hearing.

South Carolina Code (1976) Section 22-5-320, provides a right to preliminary hearing upon proper demand. However, an accused can waive this right in several ways:

(1) Failure to request a hearing;

(2) Failure to comply with statutory requirements for the request. *State v. Wheeler*, 259 S. C. 571, 193 S. E. (2d) 515 (1972); *Blandshaw v. State*, 245 S. C. 385, 104 S. E. (2d) 784 (1965);

(3) Failure to appear, at least through an attorney, at the scheduled hearing. *State v. Rabens*, 79 S. C. 542, 60 S. E. 442 (1908);

(4) Plea negotiations and silence before the trial court regarding the desire for a preliminary hearing when entering a guilty plea. *Bonnette v. State*, S. C., 282 S. E. (2d) 597, 1981.

The instant case is controlled by *Bonnette v. State, supra.* Bonnette entered into plea negotiations which led to a guilty plea. He did not inform the trial court he had requested and still desired a preliminary hearing. Although a timely request had been made, this Court held that Bonnette had waived his right to a preliminary hearing under these circumstances.

Assuming a timely request by respondent, his identical course of conduct constituted waiver of his right to a preliminary hearing.

As an additional sustaining ground, respondent further argues he was denied effective assistance of counsel because cousel had limited criminal trial experience and failed to inform the trial judge that a request for preliminary hearing had been made. We disagree.

The record reveals that counsel's representation of respondent was well within the normal range of competency standard, *Marzullo v. State of Maryland,* 561 F. (2d) 540 (4th Cir. 1977).

Accordingly, we reverse the lower court, thereby affirming respondent's conviction and sentence.

Reversed.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.