0938

John DOE, Respondent v. NORTHWESTERN NATIONAL LIFE
INSURANCE COMPANY, Appellant.

(355 S. E. (2d) 867)

Court of Appeals

*D. Cravens Ravenel*, of *Belser, Baker, Barwick, Ravenel, Toal & Bender*, Columbia, *for appellant*.

*George F. Abernathy* and *Rembert D. Parler*, Spartanburg, *for respondent*.

Heard March 19, 1987.

Decided April 27, 1987.

SHAW, Judge:

Appellant Northwestern National Life Insurance Company appeals from an award by the circuit court to respondent John Doe. We affirm.

The question on appeal is whether respondent's sexual impotence which resulted from pre-existing diabetes is a separate sickness so as to be covered under appellant's policy issued to respondent.

In 1973,. respondent was diagnosed as diabetic and has been receiving daily injections of insulin for this condition since 1976. At this time, he became impotent for a two-week period. Starting in 1980, he began experiencing difficulty having erections.

On July 22, 1983, respondent became employed by Investors Diversified Services (IDS) and became insured by Northwestern under a group health insurance policy issued to IDS. This policy contained certain exclusionary provisions, one of which limits the insurer's liability for expenses incurred due to a pre-existing sickness.

The effective date of coverage under the Northwestern policy was July 22, 1983. In September or October of 1983, respondent first became completely unable to have an erection. In January of 1984, he was seen by a urologist and underwent surgery for the implantation of a penile prosthesis.

The parties stipulate that respondent's impotency was caused by his diabetic condition and that the medical expenses incurred amounted to $8,703.00.

Northwestern denied coverage for these expenses based on an exclusion provision which provided in pertinent part:

> ... benefits will not be paid ... for charges ... (i) with respect to sickness ... existing prior to becoming insured ... except expenses incurred in connection with such sickness after a period of at least 90 days has been completed on or after the effective date of his insurance, during which time the insured ... has incurred no expenses and received no medical treatment in connection with the sickness. ...

"Sickness" is defined in the policy as "... mean[ing] any physical or mental illness, or pregnancy."

The appellant contends it is not liable for the medical expenses incurred in connection with the penile implant. Northwestern asserts:

(1) that impotency is not a "sickness" as defined in the policy but a symptom of diabetes which was pre-existing; or

(2) that if impotency is a "sickness" apart from diabetes, it was pre-existing so as to preclude coverage.

We disagree.

While respondent's diabetes caused his impotency, it is clear that the insured could interpret "sickness" in its plain and popular sense to include impotency. We

hold impotency is a "sickness" as defined in the insurance policy. Had Northwestern wished to exclude from coverage sickness which is caused by a pre-existing condition, such a policy could have been issued. See *Georgia International Life Insurance Co. v. Harden,* 158 Ga. App. 450, 280 S. E. (2d) 863 (1981).

Having concluded impotency to be a sickness under the provisions of Northwestern's policy, we must determine if the impotency ante-dated the effective date of coverage so as to come within the abovementioned exclusion provision. Under a policy provision excluding coverage for expenses incurred due to a pre-existing sickness, the general rule is an illness is deemed to have its inception when it first manifests itself, becomes active or when sufficient symptoms exist to allow a reasonably accurate diagnosis by a doctor. *Turner v. Columbia National Life Insurance Co.,* 100 S. C. 121, 84 S. E. 413 (1915); see generally Annot., 94 ALR (3d) 900 (1979).

Respondent admits difficulty in having erections prior to the effective date of insurance coverage. Although total inability to have an erection did not occur until September or October of 1983, sufficient symptoms of impotency had manifested prior to coverage under the policy to allow a reasonably accurate diagnosis. We conclude respondent's impotency was a pre-existing sickness.

However, impotency, pre-existing, will preclude coverage only if respondent received treatment or incurred expenses for impotency at least 90 days previous to the incurring of expenses and receipt of treatment for which recovery is herein sought. Coverage was effective on July 22, 1983, and no treatment or expenses were incurred due to impotency until January of 1984. Respondent did receive treatment for his diabetic condition, consisting of daily insulin injections, within this 90 day period. This treatment was for diabetes, not impotency. Therefore, respondent incurred no expenses and received no treatment which would act to preclude coverage.

Affirmed.

GARDNER and BELL, JJ., concur.