873 F.2d 1437
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles W. ANDERSON, Personal Representative of the Estate
of Charles Randall Anderson, Plaintiff-Appellant,
v.
GOLDEN RULE INSURANCE COMPANY, Defendant-Appellee.
 No. 88-2565.
 United States Court of Appeals, Fourth Circuit.
 April 24, 1989.
Opinion Published in Full 888 F.2d 319.
 
 Brenton Graham Burry (Martin S. Driggers, Driggers & Baxley, on brief) for appellant.
 Charles Ray Davis (Thomas, Price, Alston, Jones & Davis, William Reynolds Williams, Willcox, Hardee, McLeod, Buyck, Barber & Williams, on brief) for appellee.
 Before DONALD RUSSELL and WIDENER, Circuit Judges, and RICHARD B. KELLAM, Senior United States District Judge, sitting by designation.
 PER CURIAM:
 
 
 1
 Charles Anderson appeals a jury verdict in favor of the defendant in a suit on a health insurance policy purchased by Anderson from the defendant, Golden Rule Insurance Company, to cover his two sons. The jury found that the illness and resulting death of one of Anderson's sons was not a covered illness. We find no error in the judgment on the verdict, and we affirm.
 
 
 2
 Anderson and his two sons, Andrew W. (Andy) and Charles R. (Randy), at one time were covered by Anderson's employer's insurance plan. After the company for which Anderson worked went out of business, he and his sons were no longer insured. The Andersons then encountered some difficulty obtaining insurance due to an existing health problem of Anderson.
 
 
 3
 Instead of adding the children to her insurance plan at her place of employment, Mrs. Anderson talked to Nelson Terry, an insurance broker with whom her office had previously conducted health insurance business. Terry provided the Andersons with brochures from four different insurance companies. On February 24, 1987, the Andersons submitted the completed application to Golden Rule proposing to insure Charles and the two minor sons. Although Charles was uninsurable under Golden Rule's underwriting policies, an insurance policy was issued covering Andy (born in 1971) and Randy (born in 1973) with an effective date of March 5, 1987.
 
 
 4
 The policy contained the standard policy provision that pre-existing conditions were not covered during the first twelve months of the policy. A loss due to illness which began during the first fourteen days of coverage was not insured.
 
 
 5
 On March 2, 1987, Randy Anderson was examined by a pediatrician and given an antibiotic prescription for flu-like symptoms. On March 5, 1987, Randy's treating pediatrician detected an irregular heart rhythm previously undiscovered. On that date, Randy was hospitalized in Hartsville, South Carolina, where x-rays revealed serious congestive heart failure.
 
 
 6
 Randy was taken by his parents to the Medical University of South Carolina Hospital in Charleston. After unsuccessful attempts to stabilize and diagnose his condition, he was transferred to the Medical College of Virginia Hospital. After two attempted heart transplants, Randy died on March 28, 1987. The various medical bills attendant to that illness are the subject matter of this case.
 
 
 7
 The district court, at the conclusion of the trial, submitted to the jury the question of whether or not the contract of insurance was ambiguous, and, upon its ascertainment of that fact, whether or not there was coverage. As noted, the jury found there was no coverage, in a special verdict, the form of which did not separately address ambiguity.
 
 
 8
 The assignments of error largely go to jury instructions with respect to policy exclusions, a question asked by the jury during its deliberations, and rules for construing contracts of insurance coverage. One assignment of error, additionally, is to the effect that the policy definition of pre-existing illness was contrary to a definition said by the plaintiff to be required in South Carolina by Doe v. Northwestern National Life Insurance Co., 355 S.E.2d 867 (S.C.App.1987).
 
 
 9
 Because we are of opinion that there was no ambiguity in the policy affecting the cause of action in this case and that the illness for which recovery is sought was not insured within the terms of the policy, we do not address with particularity the first three assignments of error mentioned above and affirm the judgment of the district court but for a different reason. See S.E.C. v. Chenery, 318 U.S. 80, 88 (1943).
 
 
 10
 As noted, a loss due to illness under the policy is insured only on the 15th day after the day on which coverage commenced, which, in this case, would be March 20, 1987. The latest date at which Randy's condition became apparent was March 5, 1987, the same day on which coverage commenced. It was thus an illness which began within 14 days of the commencement of coverage and was not insured.
 
 
 11
 Even if Randy's condition was a pre-existing condition under the policy, nevertheless it might have been covered if such pre-existing condition was "fully disclosed to ... [Golden Rule] in the application for insurance," and the loss began "15 or more days after ... [Randy] first became a covered person."
 
 
 12
 There is no contention, however, that Randy's pre-existing condition was fully disclosed to the insurance company in the application for insurance, for his condition was not known to the Andersons until March 3 at the earliest and more than likely on March 5, 1987, the application for insurance having been made on February 24, 1987. Also, the loss under the policy began at the latest March 5, 1987, which was within 15 days after Randy became a covered person, for a loss under the terms of the policy means "the occurrence ... of an event for which benefits are payable under the policy."
 
 
 13
 We are thus of opinion that the policy provisions as they may affect this loss are not ambiguous; that there was no occasion to submit that question to the jury; and that the facts with respect to the loss are not in dispute so that the matter of coverage should have been submitted to a jury. We think it is clear that Randy suffered an illness which was a condition under the terms of the policy for which coverage was not afforded.
 
 
 14
 The plaintiff contends, however, that the definition of pre-existing condition in the policy, which is a condition for which a covered person received medical advice or treatment within 24 months preceding the date he became insured, is so inconsistent with South Carolina law that it cannot have effect under Doe v. Northwestern Life Insurance Co., supra. The Doe case held, and we add that we do not read the decision in Doe to control contractual provisions, that a pre-existing illness under a health policy, such as the one in question here, is "deemed to have its inception when it first manifests itself, becomes active, or when sufficient symptoms exist to allow a reasonable, accurate diagnosis by a doctor." 355 S.E.2d at 869. Randy's heart condition manifested itself at the latest March 5, 1987, so we think that Doe is consistent with the denial of coverage in this case, and we are of opinion the policy in question is not inconsistent with any requirement of Doe in any event.
 
 
 15
 From what we have said, it is apparent that any error which may have been made by the district court in its charge to the jury, and we do not imply that there was any, was, at the most, harmless error.
 
 
 16
 The judgment of the district court is accordingly
 
 
 17
 AFFIRMED.