**CAMPBELL, INC., Plaintiff,**

v.

**NORTHERN INSURANCE COMPANY OF NEW YORK, Defendant.**

**Civ.A. No. 6:03–CV–2574–2.**

United States District Court, D. South Carolina, Greenville Division.

Sept. 27, 2004.

Thomas L. Stephenson, Ingrid Black-welder Erwin, Nexsen Pruet Jacobs and Pollard, Greenville, SC, for Plaintiff.

John Robert Murphy, Murphy and Grantland, Columbia, SC, for Defendant.

## MEMORANDUM OPINION AND ORDER

FLOYD, District Judge.

## I. INTRODUCTION

This is an insurance contract case. The Court is called upon at this juncture to

determine whether Defendant is obligated to provide coverage pursuant to Commercial General Liability Insurance Policy No. CON 98600977 (policy) for a third party's loss of use of a crane after Plaintiff incurred liability for damage to that crane. This policy provides coverage for goods and materials in transit. The Court's jurisdiction in the matter rests on 28 U.S.C. § 1332.

Pending before the Court are Plaintiff's motion for partial summary judgment (Document 17), Defendant's motion for summary judgment (Document 22), and Defendant's supplemental motion for summary judgment (Document 24). Having carefully considered the motions, the responses, the record and the applicable law, it is the judgment of this Court that Plaintiff's motion for partial summary judgment (Document 17) shall be denied, Defendant's motion for summary judgment (Document 22) shall be granted, and Defendant's supplemental motion for summary judgment (Document 24) shall be granted.

## II. FACTUAL AND PROCEDURAL HISTORY

Plaintiff filed this action in the Greenville County Court of Common Pleas on July 31, 2003. Subsequently, on August 6, 2003, Defendant removed the matter to this Court.

The accident giving rise to this dispute occurred on Interstate 85 in Commerce, Georgia on February 23, 2002. As already noted, Plaintiff seeks a determination that the policy provides coverage for liability that it incurred when one of its trucks was involved in an accident while hauling a crane belonging to a third party. In the instant case, the crane fell from the truck and was damaged during the accident.

The third party made a claim against Plaintiff for both the physical damage to the crane and the costs of leasing a substitute crane while the repairs were ongoing. Although Defendant tendered payment for the costs of the repairs to the crane, it denied Plaintiff's claim concerning the rental charges. Defendant also declined to provide a defense in the lawsuit brought by the third party.

## III. STANDARD OF REVIEW

### A. Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party bears this initial burden of informing the Court of the basis for its motions, and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Court reviews the record by drawing all inferences most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962)).

"Once the moving party carries its burden, the adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response ... must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). The adverse party must show more than "some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586, 106 S.Ct. 1348. If an adverse party completely fails to make an offer of proof concerning

an essential element of that party's case on which that party will bear the burden of proof, then all other facts are necessarily rendered immaterial and the moving party is entitled to summary judgment. *Celotex,* 477 U.S. at 322–23, 106 S.Ct. 2548. Hence, the granting of summary judgment involves a three-tier analysis. First, the Court determines whether a genuine issue actually exists so as to necessitate a trial. FED. R. CIV. P. 56(e). An issue is genuine "if the evidence is such that a reasonable [trier of fact] could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Second, the Court must ascertain whether that genuine issue pertains to material facts. FED. R. CIV. P. 56(e). The substantial law of the case identifies the material facts, that is, those facts that potentially affect the outcome of the suit. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. Third, assuming no genuine issue exists as to the material facts, the Court will decide whether the moving party shall prevail solely as a matter of law. FED. R. CIV. P. 56(e).

Summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex,* 477 U.S. at 327, 106 S.Ct. 2548. The primary issue is whether the material facts present a sufficient disagreement as to require a trial, or whether the facts are sufficiently one-sided that one party should prevail as a matter of law. *Anderson,* 477 U.S. at 251–52, 106 S.Ct. 2505. The substantive law of the case identifies which facts are material. *Id.* at 248, 106 S.Ct. 2505. Only disputed facts potentially affecting the outcome of the suit under the substantive law preclude the entry of summary judgment.

### B. Policy Interpretation

Under the law of this state, insurance policies are subject to the general rules of contract construction. *Nationwide Mut. Ins. Co. v. Commercial Bank,* 325 S.C. 357, 360, 479 S.E.2d 524, 526 (1996) (citation omitted). The Court must afford policy language its plain, ordinary, and popular meaning. *Diamond State Ins. Co. v. Homestead Indus. Inc.,* 318 S.C. 231, 236, 456 S.E.2d 912, 915 (1995).

■ The insurer's duty under a policy of insurance is set forth by the terms of the policy and cannot be enlarged by judicial construction. *See South Carolina Ins. Co. v. White,* 301 S.C. 133, 137, 390 S.E.2d 471, 474 (1990). However, when ambiguous or conflicting terms are found in an insurance policy, those terms must be construed liberally in favor of the insured and strictly against the insurer. *Diamond State Ins. Co.,* 318 S.C. at 236, 456 S.E.2d at 915.

The extent to which courts interpret the language of an insurance policy differently is evidence of ambiguity. *See Greenville County v. Insurance Reserve Fund,* 313 S.C. 546, 548, 443 S.E.2d 552, 553 (1994). Courts may look to a dictionary to decipher the meaning of ambiguous, undefined terms. *See id.* Nevertheless, if the intent of the parties is clear, the Court has no authority to torture the meaning of policy language or to extend or defeat coverage that was never intended by the parties. *Diamond State Ins. Co.,* 318 S.C. at 236, 456 S.E.2d at 915.

Where a motion for summary judgment presents a question pertaining to the construction of a written contract, the question is one of law if the language employed by the contract is plain and unambiguous. *Moss v. Porter Bros., Inc.,* 292 S.C. 444, 447, 357 S.E.2d 25, 27 (1987) (citation omitted). Summary judgment is appropriate in such a case where the intention of the parties regarding the legal effect of the

contract may be gathered from its four corners. *Id.*

It is the insured's burden to establish that a claim falls within the coverage of an insurance contract. *Gamble v. Travelers Ins. Co.*, 251 S.C. 98, 160 S.E.2d 523, 525 (1968). Alternatively, the insurer shoulders the burden of establishing the exclusions to coverage. *Boggs v. Aetna Cas. & Sur. Co.*, 272 S.C. 460, 252 S.E.2d 565, 568 (1979).

## IV. CONTENTIONS OF THE PARTIES

Plaintiff argues that the third party's loss of use of the subject crane is covered by the policy. Moreover, according to Plaintiff, even if the policy does not provide for loss of use coverage, certain statements allegedly made by Defendant's adjuster is binding upon Defendant and, thus, coverage is proper, notwithstanding the language of the policy. According to Plaintiff, the adjuster working for Defendant made representations to the third party that rental charges were covered by the policy and, accordingly, the third party could go forward with arrangements to procure a substitute crane. Plaintiff also asserts a claim for bad faith denial of benefits.

Defendant argues that the plain language of the policy does not provide coverage for loss of use. Furthermore, according to Defendant, Plaintiff is unable to establish coverage based on the adjuster's comments. Defendant contends that Plaintiff's bad faith claim is without merit.

## V. DISCUSSION

### A. *The policy*

Plaintiff argues that coverage for loss of use is clearly provided by the policy. The Court disagrees.

█ The policy provides, in relevant part,

### A. COVERED PROPERTY

1. (Carriers). As indicated on the Declarations, WE cover personal property of others, in transit, for which YOU are liable, as a carrier, bailee, or warehouseman, under tariff, bill of lading or shipping receipt all while loaded for shipment and in due course of transit within a radius as shown on the Declarations.

.    .    .    .    .

### F. COVERED CAUSES OF LOSS

Covered Causes of Loss means RISKS OF DIRECT PHYSICAL "LOSS" to Covered Property except those causes of "loss" listed in the Exclusions.

.    .    .    .    .

### O. VALUATION

The Valuation Clause—General Condition E in the Commercial Inland Marine Conditions form attached to the policy is replaced by the following:

The value of covered property will be:

(a) Amount of invoice; or

(b) In the absence of an invoice, the value will be its actual cash value at destination.

In the event of loss or damage, **WE** will not pay more than:

(a) The cost to reasonably restore that property to its condition immediately before the loss or damage; or

(b) The cost of replacing that property with substantially identical property.

The value will include:

(a) **YOUR** prepaid freight charges; and

(b) Any other shipping costs or charges that are due since the start of transit.

.    .    .    .    .

## R.  DEFINITIONS

"Loss" means accidental loss or damage. *Commercial Marine Truckmen's Cargo Insurance Owner's or Carrier's Liability Form* (emphasis in original). Nothing in the policy expressly excludes loss of use.

The meaning of a particular word or phrase is not determined by considering the word or phrase by itself, but by reading the policy as a whole and considering the context and subject matter of the insurance contract. *Yarborough v. Phoenix Mut., Life Ins. Co.*, 266 S.C. 584, 592, 225 S.E.2d 344, 348 (1976). Thus, read as a whole, the policy covers personal property of others, in transit, for which Plaintiff is liable as long as 1) it entails direct physical accidental loss or damage to Covered Property and 2) the loss does not exceed a) the cost to reasonably restore that property to its condition immediately before the loss or damage; or b) the cost of replacing that property with substantially identical property. The use of term "physical" to define property damage negates the possibility that the policy intended to include consequential or intangible damages. *Wyoming Sawmills, Inc. v. Transp. Ins. Co.*, 282 Or. 401, 578 P.2d 1253, 1256 (1978) (cited with approval in *Auto–Owners Ins. Co. v. Carl Brazell Builders, Inc.*, 356 S.C. 156, 164, 588 S.E.2d 112, 116 (2003)).

Thus, while the policy does not provide a *per se* exclusion for loss of use, the policy, when read as a whole, does not provide coverage for loss of use. First, the only covered causes of loss are those which involve direct physical accidental loss or damage. The Court is unable to construe the plain meaning of the policy in such a way as to find that direct physical accidental loss or damage could mean a consequential or intangible damage such as loss of use. Second, the Supreme Court of South Carolina has found that consequential and intangible damages are unavailable in an instance such as this when the term "physical" is employed to define property damage. *Id.* Third, the valuation clause of the contract makes damages such as loss of use impossible. Under this clause, the policy will not pay more than the cost to reasonably restore or replace the covered property. There can be no dispute that damages for loss of use exceed restoration and/or replacement costs.

Accordingly, for the reasons set forth above, the Court finds that the language of the policy does not provide for loss of use. There is no ambiguity. Hence, Defendant will prevail on this issue.

### B.  *Adjuster's alleged comments*

As already noted, Plaintiff contends that Defendant's adjuster made certain comments to the third party that there was coverage for rental charges and that the third party should go forward with renting a substitute crane. For purposes of this motion, the Court will assume that the adjuster made the purported statement. Nevertheless, based on the reasons set forth below, this argument must fail.

As a general rule, insurance coverage may not be expanded or created by waiver or estoppel. "The weight of authority is said to support the view that the coverage, or restrictions on the coverage, cannot be extended by the doctrine of waiver or estoppel. To the same effect[,][i]t has been broadly stated that the doctrines of waiver and estoppel cannot be used to extend the coverage of an insurance policy or create a primary liability, but may only affect rights reserved therein.... [U]nder no conditions can the coverage or restrictions on coverage be extended by waiver or estoppel." *Pitts v. New York Life Ins. Co.*, 247 S.C. 545, 551–

52, 148 S.E.2d 369, 371 (1966) (citations and quotation marks omitted).

### 1. equitable estoppel

■ The necessary elements of equitable estoppel, as related to the party claiming the estoppel, are: "(1) ignorance of the party invoking it of the truth as to the facts in question; (2) representations or conduct of the party estopped which mislead; (3) reliance upon such representations or conduct; and (4) prejudicial change of position as the result of such reliance." *Id.* at 552, 148 S.E.2d at 371.

■ Applying the facts of this case to these elements, the Court is unconvinced that Plaintiff can establish the appropriateness of this remedy. First, based on the plain meaning of the policy, Plaintiff cannot now argue that it was ignorant of whether coverage for loss of use existed. Second, the alleged statements in question were made to a third party, and not to Plaintiff. Thus, it was the third party, and not Plaintiff, that was arguably misled. Third, Plaintiff has not presented any allegation that it relied, or could have reasonably relied, on the alleged misrepresentation. Fourth, Plaintiff has failed to assert that it changed its position based on the purported statement that the adjuster allegedly made to the third party.

The essential elements of an equitable estoppel, as they relate to the party estopped, are: (1) conduct that amounts to a false representation or concealment of material facts, or, at the least, which is calculated to convey the impression that the facts are other than, and inconsistent with, those that the party subsequently attempts to assert; (2) intention, or at least expectation, that such conduct shall be acted upon by the other party; (3) knowledge, actual or constructive, of the real facts. *Southern Dev. Land and Golf Co., Ltd. v. South Carolina Pub. Serv. Author.,* 311 S.C. 29, 33, 426 S.E.2d 748, 751 (1993).

Neither party has directly addressed these elements and the Court need not do so in any detail either. Suffice to say that there are not any allegations in the record before this Court that would support a finding that these factors are present in the instant case.

### 2. waiver

Waiver is the voluntary and intentional relinquishment of a known right. *Janasik v. Fairway Oaks Villas,* 307 S.C. 339, 344, 415 S.E.2d 384, 387 (1992). "Waiver is an intentional relinquishment of a known right and may be implied from circumstances indicating an intent to waive." *Bonnette v. State,* 277 S.C. 17, 18, 282 S.E.2d 597, 598 (1981). Acts that are inconsistent with the continued assertion of a right may also give rise to a waiver. *Id. Bonnette,* 282 S.E.2d at 598.

■ Again, the only communication that is at issue here is a statement purportedly made 1) by an adjuster working for Defendant 2) to a third party. The Court cannot rightfully find that the statements allegedly made were either a voluntary or an intentional relinquishment of Defendant's right to deny coverage. The comment by the adjuster simply does not rise to that level. Thus the waiver argument must also fail.

Simply stated, the Court does not find the case at bar to be one in which it would be proper to set aside the general rule that disallows equitable estoppel and waiver in insurance policy disputes. Plaintiff has failed to allege facts on which this Court could find that either of these remedies is applicable. Thus, the Court will enter judgment accordingly.

### C. Bad faith claim

The Court has found that the policy does not provide for coverage. The Court has also found that neither equitable estoppel

or waiver are applicable. Moreover, there is nothing in the record to suggest that Defendant acted in an unreasonable manner in denying coverage. As such, the Court is of the opinion that there exist no basis for Plaintiff's allegation of bad faith. Therefore, Defendant's motion on the bad faith claim shall be granted.

## VI. CONCLUSION

In light of the foregoing discussion, it is the judgment of this Court that Plaintiff's motion for partial summary judgment (Document 17) must be **DENIED**, Defendant's motion for summary judgment (Document 22) must be **GRANTED**, and Defendant's supplemental motion for summary judgment (Document 24) must be **GRANTED**.

IT IS SO ORDERED.